## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:06-cv-00411-WYD-PAC

ATV SOLUTIONS, INC.,
A Nevada Corporation,

    Plaintiff,

v.

AUTOMATIC EQUIPMENT
MANUFACTURING CO. d/b/a BLUE OX
PRODUCTS, A Nebraska Corporation,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiff, ATV Solutions, Inc. ("ATV"), and Defendant, Automatic Equipment Manufacturing Co. ("Automatic"), pursuant to Rule 26(c) and Rule 29 of the Federal Rules of Civil Procedure:

1. ATV and Automatic stipulate and agree that (i) certain documents, information and things which will be produced during discovery, (ii) evidence which will be adduced prior to or at the time of trial and portions of testimony to be taken (whether at deposition, hearing or trial), (iii) pleadings, affidavits, briefs, motions, transcripts and other writings which are or may be filed and (iv) various other matters which include, but are not limited to, information which any party may deem confidential, contain trade secrets or include information sensitive to the parties' business and/or affairs shall be entitled to protection against disclosure pursuant to this Protective Order.

2.      This Protective Order shall be without prejudice to the right of any of the parties of this action (i) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not confidential as defined in Paragraph 1 of this Protective Order; (ii) to seek a further protective order; (iii) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (iv) by application and notice, to seek relief from any provision of this Protective Order on any ground. During the pendency of any challenge to the applicability of this Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order.

3.      If a party determines that a document or thing of any description to be furnished, produced, or made a part of any pleadings or papers to be filed, or any briefs, testimony, affidavits and/or evidence to be offered, contains or may contain information which that party believes to be proprietary or confidential pursuant to Paragraph 1 of this Protective Order, the party requesting protection shall designate such document, testimony or affidavit as "Confidential" in the following manner:

(a)      The party seeking protection shall affix to the documents, by stamp or otherwise, a statement that the material is "Confidential." The party producing the confidential documents shall provide a written list identifying the confidential documents by their production numbers upon written request of the opposing party;

2

(b)   In the case of pleadings or other papers or writings, by advising the other party in writing of the portions deemed to be confidential;

(c)   In the case of transcribed hearings, transcribed files, deposition testimony or affidavit, by advising the other party in writing of the witness whose testimony is deemed to be confidential. Designation may also be made orally by counsel during deposition.

4.   Documents, things, testimony, pleadings, various matters and information designated as confidential by any party to this action:

(a)   Shall be used only for the purpose of this litigation and may not be used for any purpose or disclosed in any manner outside the reasonable conduct of this case unless it is offered at trial or in open court. In such event, either party may move the Court to seal the confidential information, in which even the other party shall not object to such motion. In the absence of such a motion to seal, the documents, things, testimony, pleadings, various matters and information designated as confidential will no longer be treated as confidential and the disclosure of such shall not be treated as a violation of this Protective Order.

(b)   Shall not be disclosed to anyone other than the Court, the parties hereto, their attorneys of record in this litigation and their employees who are assisting such attorneys in this litigation, any in-house counsel, court reporters who record deposition or other testimony, witnesses, deponents, consultants

3

and/or experts;

(c)     If any party, attorney or individual shall disclose confidential material(s) or information to a consultant, expert witness, or non-party witness, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby such person agrees to be bound by the terms of this Protective Order. A copy of each executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, shall produce the same to counsel for the nondisclosing party. If any party discloses confidential material(s) or information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby the non-trial expert agrees to be bound by the terms of this Protective Order. Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon court order.

4

5.      All information which has been disclosed and designated as "confidential" by any party to this Protective Order shall be omitted or redacted from any document electronically filed with the Court and instead shall be separately submitted to the Court following the procedures set forth in D.C. Colo. LCivR 7.2 and 7.3.

6.      This Protective Order may be modified by the Court at any time on its own motion. The Court may also impose sanctions or find in contempt any party or person bound by this Protective Order found in violation of the terms of this Protective Order.

7.      Within thirty (30) days after the final determination of this action, each party to the litigation shall assemble and return to the producing party or parties the originals and all copies of documents produced in discovery and designated by the producing party as confidential. All other materials, memoranda or documents embodying materials and documents constituting confidential information not returned shall continue to be held subject to the terms of this Protective Order.

8.      This Protective Order shall be binding upon the parties, their attorneys, agents, employees, representatives, successors and assigns.

DATED this 12th day of January, 2007.

ATV SOLUTIONS, INC., Plaintiff

BY:     Neil L. Arney
        Daniel W. Glasser
        1801 California Street, Suite 3100
        Denver, CO 80202
        (303) 297-2400

BY:     s/Neil L. Arney
        Neil L. Arney

5

AUTOMATIC EQUIPMENT
MANUFACTURING CO. d/b/a BLUE OX
PRODUCTS, Defendant

BY:   HARDING & SHULTZ
       Tim Engler - 15940
       800 Lincoln Square
       121 S. 13th Street
       Lincoln, NE 68508
       (402) 434-3000

       and

BY:   THE MADDEN LAW FIRM
       John Madden, III
       370 17th Street, Suite 3500
       Denver, CO 80202
       (303) 436-1111

By:   s/Tim Engler
       One of Defendant's Attorneys

IT IS SO ORDERED.

DATED:  _1-18-07_

_____
United States District Court

## EXHIBIT A
## CONFIDENTIALITY AGREEMENT

I have read the Stipulated Protective Order ("Protective Order") entered by the United States District Court for the District of Colorado in the action entitled *ATV Solutions, Inc. v. Automatic Equipment Manufacturing Co.*, Case No. 1:06-CV-00411-WYD-PAC. I understand the Protective Order is a court order designed to preserve the confidentiality of the "Confidential Information" designated under the terms of the Protective Order. I also understand the Protective Order restricts my use, disclosure and retention of such Confidential Information and also requires my safeguarding and/or return of documents and other materials containing Confidential Information as required by the Protective Order.

I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of any provision of the Protective Order.

Dated: _____

_____
Signature

_____
Name (Print)

_____
Address

I:\507\81\090\070.wpd

7